UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOYLE EUGENE CHAMPLAIN,

    Plaintiff,

  v.

CITY OF FOLSOM, a public entity, and DOES 1-50,

    Defendants.

NO. CIV. S-03-2018 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendant City of Folsom's ("defendant") motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b). Plaintiff Doyle Eugene Champlain ("plaintiff") resigned from his position as an Infrastructure Supervisor with defendant, on November 11, 2002. Plaintiff then filed this action on September 25, 2003, alleging claims for relief against defendant under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"); (3) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

1  ("ADA"); and (4) state law for constructive termination.[1]  On
2  October 7, 2005, defendant moved for summary judgment; the court
3  granted defendant's motion on December 6, 2005.  For the reasons
4  set forth below, the court denies defendant's motion for fees.

## BACKGROUND

Plaintiff was employed by defendant from 1996 to 2002 as a supervisor for the Sewer Division in defendant's Public Works Department.[2]  Beginning in 2000, plaintiff alleged that he began reporting defendant's water quality violations to the California Regional Water Quality Control Board.  Plaintiff submitted a declaration against defendant in September of 2002 in the case of Laurent v. City of Folsom, 2:00-cv-1804-LKK, Memorandum and Order, Oct. 10, 2002 (entering summary judgment in favor of defendant), regarding environmental violations by defendant.

Shortly after testifying, defendant was assigned to a different job position after his return from a disability leave.  Defendant also faced a disciplinary hearing stemming from his actions in responding to a sewage spill in November of 2001.  After the hearing, defendant withdrew the disciplinary charges against plaintiff but reassigned plaintiff to another position within the department.

After the disciplinary charges were withdrawn and plaintiff returned to work, plaintiff accepted a job offer from the City of

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2] The factual background underlying this case is more fully outlined in the court's previous order granting summary judgment to defendant.  See Memorandum and Order, filed Dec. 6, 2005.

2

1 Lincoln and formally resigned his position with defendant in
2 October of 2002.
3     Defendant filed this action on September 25, 2003.  After
4 more than two years of discovery, summary judgment in favor of
5 defendant was granted on December 6, 2005.  Defendant, as the
6 prevailing party, now seeks attorneys' fees pursuant to 42 U.S.C.
7 § 1988(b).

## STANDARD

9     Section 1988(b) states in relevant part:
10     In any action or proceeding to enforce a provision of
        . . . [42 U.S.C. § 1983] . . . the court, in its
11      discretion, may allow the prevailing party, other than
        the United States, a reasonable attorney's fee as part
12      of the costs . . .

13 42 U.S.C. § 1988(b).  Under § 1988 jurisprudence, a prevailing
14 defendant is treated differently from a prevailing plaintiff and
15 fees are not awarded routinely or simply because defendant
16 succeeds.  See Patton v. County of Kings, 857 F.2d 1379, 1381
17 (9th Cir. 1988).  To be awarded fees, a prevailing defendant must
18 demonstrate "plaintiff's action was frivolous, unreasonable or
19 without foundation, even though not brought in subjective bad
20 faith."  Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n,
21 434 U.S. 412, 421 (1978).  This standard is "stringent," Hughes
22 v. Rowe, 449 U.S. 5, 14 (1980), and the Ninth Circuit repeatedly
23 has recognized that attorneys' fees in civil rights cases
24 "'should only be awarded to a defendant in exceptional
25 circumstances.'"  Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir.
26 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir.
27 1990)); see also Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169
28 F.3d 636, 645 (9th Cir. 1999); Brooks v. Cook, 938 F.2d 1048,

3

1055 (9th Cir. 1991).

In assessing whether to award attorneys' fees, the Ninth Circuit instructs courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987); see also Patton v. County of Kings, 857 F.2d 1379 (9th Cir. 1988) (applying the Miller standard to a case in which plaintiff was represented by counsel).

## ANALYSIS

During the summary judgment proceedings, plaintiff conceded that his Title VII and ADA claims were without merit and asked that those claims be dismissed. While those claims were found to be without merit by the court (and the court must consider that finding in its analysis here), the *gravamen* of plaintiff's complaint in this action was that his free speech rights under the First Amendment were violated by defendant. While plaintiff also asserted his § 1983 claim based on other alleged violations of his constitutional rights, including his procedural and substantive due process rights under the Fifth and Fourteenth Amendments and his right to be free from unreasonable search and seizure under the Fourth Amendment, the central focus of his complaint was clearly his allegation of retaliation by defendant because of his speaking out on defendant's environmental violations.

Indeed, with respect to all his § 1983 theories, plaintiff characterized himself as an environmental "whistle-blower" and maintained that defendant retaliated against him for exposing

4

defendant's violation of numerous environmental laws.  (Pl's. Compl., filed Sept. 18, 2003, at ¶¶ 1, 14-21.)  However, plaintiff failed to develop or support any of his § 1983 theories in opposition to defendant's motion for summary judgment.  In particular, his First Amendment theory.[3]  On that issue, he *had alleged* a cogent theory of his case.  Nevertheless, because of the failure of proof by plaintiff, the court granted summary judgment in favor of defendant.

However, the court's does not mandate an award of fees in favor of defendant; contrary to defendant's arguments, the court's order did not make a finding that the instant action was "wholly without merit," only that plaintiff's showing in response to the motion for summary judgment was insufficient. <u>Patton</u>, <u>supra</u>, 857 F.2d at 1381 (defeating a claim on summary judgment, by itself, does not entitle a defendant to an award of fees).

With respect to the motion for summary judgment, defendant specifically argues that plaintiff's failure to prove that a particular policy, practice, or procedure of defendant caused the deprivation of plaintiff's constitutional rights, <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978), demonstrates plaintiff's § 1983 claim was "frivolous."  In support, defendant *selectively* quotes from the court's prior order.  In opposing defendant's motion, plaintiff argued, in part, that he was not required to establish a particular policy or practice under <u>Monell</u> because defendant had a "general" policy of violating

---

[3] The court noted in its previous order granting summary judgment in favor of defendant that plaintiff's papers were nearly unintelligible even though plaintiff was represented by counsel.

5

constitutional rights.  While the court found that plaintiff's argument was "wholly without merit," again, said finding does not establish that plaintiff's § 1983 claim was "frivolous" for purposes of § 1988(b).

In support of its position, defendant relies primarily on <u>Flowers v. Jefferson Hosp. Assoc.</u>, 49 F.3d 391 (8th Cir. 1995). The <u>Flowers</u> case,[4] however, is factually dissimilar and does not comport with the Ninth Circuit's more exacting interpretation of § 1988(b) as set forth in <u>Miller</u>.  See <u>Miller</u>, <u>supra</u>, 827 F.2d 617 (applying <u>Christianburg</u>, <u>supra</u>, 434 U.S. at 421); <u>Patton</u>, <u>supra</u>, 857 F.2d 1379.  There, the Ninth Circuit overturned the district court's award of attorneys' fees to the defendant. <u>Miller</u>, 827 F.2d at 621.  Although <u>Miller</u> involved a pro se plaintiff, several of the court's observations are relevant to this matter.  See <u>Patton</u>, <u>supra</u>, 857 F.2d at 1382.  Specifically, the <u>Miller</u> court noted that a grant of attorneys' fees to a defendant might be appropriate in cases where:  (1) the underlying claim was previously adjudicated by a court or an administrative agency and found to be frivolous, (2) where the same claim was brought repeatedly into court after dismissal, or (3) the claim was brought in bad faith.  827 F.2d at 620.  The Ninth Circuit also emphasized that courts should be particularly wary of granting attorneys' fees to defendants after adjudication of civil rights claims when the fee request is sizable and would

---

[4] In <u>Flowers</u>, the court awarded defendant's attorneys' fees after a doctor's staff privileges were denied by a hospital, allegedly on the basis of his race.  Plaintiff filed a § 1981 contractual claim, survived summary judgment and went to trial but presented no evidence at trial that race was a motivating factor in the denial of privileges.  <u>Id.</u> at 392.

6

"subject the plaintiff to financial ruin." Id. at 621; Patton, supra, 857 F.2d at 1382. The Patton court cautioned, however, that courts should not refuse to grant attorneys' fees awards to a prevailing defendant "solely on the ground of the plaintiff's financial situation." Id. at 1382.

These principles guide the court's analysis here. Preliminarily, the court emphasizes that an award of attorneys' fees to a prevailing defendant in a § 1983 case must be granted with exceeding caution so as not to unduly chill civil rights litigation. While § 1988(b) serves as a deterrent against frivolous litigation, the Congressional policies which underlie § 1983 include "vigorous prosecution of civil rights violations." Miller, supra, 827 F.2d at 619. The court is also cognizant of the fact that it is often difficult for deserving plaintiffs to find competent lawyers willing to bring civil rights actions. The Supreme Court teaches that civil rights plaintiffs often secure important social benefits beyond the individual remedy. Riverside v. Rivera, 477 U.S. 561, 573 (U.S. 1986). Thus, attorneys' fees to a prevailing defendant in civil rights litigation should be awarded only in extraordinary circumstances so as not to conflict with settled precedent and Congressional policy.

Additionally, as emphasized in Miller, district courts may consider a plaintiff's financial resources in deciding whether to award a defendant attorneys' fees. Although plaintiff in this case has not proffered evidence as to his financial situation, this court can assume, based on the facts of this case, that an award of more than $140,000.00 in fees to defendant would unduly

7

burden virtually any civil rights plaintiff.  While the court recognizes that this factor alone cannot justify the denial of fees, coupled with the possible chilling effect of such an award on future civil rights cases, it significantly supports  denial of defendant's fees motion.

Finally, in deciding whether to award fees, the court considers defendant's own conduct over the course of this litigation.  First, defendant did not file a motion to dismiss. Fed. R. Civ. P. 12(b)(6).  If defendant believed plaintiff's claims were truly frivolous, from the inception of this litigation, defendant may have garnered dismissal, or at a minimum, narrowed the issues via such a motion.  Defendant did not do so.  Instead, it was only after a year of discovery that defendant asked plaintiff to dismiss some of his claims, including the § 1983 claim, arguing that the claims were frivolous.  While defendant did make this informal dismissal request to plaintiff, when it was rejected, defendant did not move for summary judgment at that time.  Rather, defendant continued to engage in further discovery for almost a year thereafter.  Only once discovery closed did defendant file a motion for summary judgment, just two months before the dispositive motion deadline.  From these facts, it appears defendant litigated this case as if it had merit.

In short, defendant seeks to hold plaintiff responsible for attorneys' fees incurred over more than two years defending what defendant *now* alleges was a frivolous suit.  If the case and in particular the § 1983 claim was actually lacking in merit, defendant could seemingly have brought a motion to dismiss and/or

```
 1  a motion for summary judgment much earlier.  Attorneys' fees to
 2  defendants in § 1983 cases are only awarded when the plaintiff's
 3  civil rights claims are demonstrably frivolous.  This is not such
 4  an exceptional case as to warrant a grant of attorneys' fees to
 5  defendant.
```

**CONCLUSION**

```
 7      For the foregoing reasons, the court DENIES defendant's
 8  motion for attorneys' fees under § 1988(b).
 9      IT IS SO ORDERED.
10  DATED: February 22, 2006
11                                  /s/ Frank C. Damrell Jr.
                                    FRANK C. DAMRELL, Jr.
12                                  UNITED STATES DISTRICT JUDGE
```